# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

**MOTION TO REQUEST JUDGE TO TAKE ON A CASE**

_____

AVA TEVERBAUGH
Petitioner(s),                                             MOTION TO REQUEST

_____

Comes now Petitioner, Ava Teverbaugh, to present her motion to request Judge Kocoras to take on case No.: 1:19-cv-05485.

On August 22, 2019 Petitioner brought before the court case No. 1:19-cv-05482, motion to confirm arbitration award, of which was confirmed per the Laws of the Federal Arbitration Act and Supreme Court Rulings.

Petitioner filed another case to have an arbitration award confirmed, which was assigned to Judge Chang Case No.: 1:19-cv-05485. See Exhibit A

Judge Chang does not understand the Laws set by the Federal Arbitration Act because he did not confirm the award, which is similar to the award confirmed in this court on August 22, 2019. Judge Chang instead has viewed Petitioner's Motion to Confirm Arbitration as a Motion to Compel Arbitration. A motion to compel arbitration affords the Court the right to determine if there is a valid agreement. "*When a district court is presented with a motion to compel arbitration, the Court must first determine whether the agreement to arbitrate is valid, and then decide whether the dispute falls within the*

agreement's scope." *Century Indem. Co. v. Certain Underwriters at Lloyd's, 584 F.3d 513, 523 (3d Cir. 2009)*. The court was not presented with a Motion to Compel Arbitration. It was presented with a motion to confirm arbitration as the matter before the court was already arbitrated. Accordingly "*...any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the* **court must grant** *such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 USC 9*.

His Honor Edmond E. Chang upon making his determination of the Arbitration Award did so outside his scope and authority and therefore did not have jurisdiction to do anything other than confirm the award for civil judgment, see *Henry Schien v Archer and White Sales, Inc*. Honor Edmond E. Chang determined the "agreement" was void as it only had one signature and in order for there to be a written agreement per the FAA there needed to be two signatures. Honor Edmond E. Chang statement goes against the precedent laws set forth by the Supreme Court, *"Kentucky's clear statement rule fails to put arbitration agreements on an equal plane with other contracts because it has the effect of allowing agents to bind principals to some agreements (i.e., contracts for the purchase/sale of property), but not agreements to arbitrate." Kindred Nursing Centers Limited Partnership v. Clark et al., 581 U.S. (2017)*. Two signatures are not required on mortgage contracts and are they not accepted as written agreements?

Judge Chang also stated that silence is not agreement to contract and therefore the Contract that Petitioner presented in Case No.: 1:19-cv-05485 is void.

The Contract that was presented was templated from the contract presented and confirmed by this court on August, 22, 2019 See Exhibit B.

The opposing side has not Motioned for the Court to vacate, modify or correct the award 9 USC 10, 11 and therefore Judge Chang's only duty, per his oath to uphold the law and Constitution, was to confirm the arbitration award.

Petitioner is entitled to confirmation of the Final Award and entry of final judgment to conformity with the Final Award and pursuant to **9 USC §9** which provides that a *"court must grant such an order unless the award is vacated, modified, or corrected."* The statute is unambiguous. As the Supreme Court has explained, *"[t]here is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." Hall St. Assocs., LLC v. Mattel, Inc. 552 U.S. 576, 587 (2008).*

Accordingly, the First Circuit has explained that "arbitral awards are nearly impervious to judicial oversight." *Doral Fin. Corp. v. Garcia – Velez*, 725F. 3d 27, 31 (1st Cir. 2013) (quoting *Teamsters Local Union No. 42 v. Supervalu, Inc*., 212 F3d 59, 61, 1st Cir. 2000)); see also *PRERAC, Inc. v. Union de Tronquistas de P.R. Local 901*, Civil No. 14-1920, 2015 WL 5793037, at *2 (D.P.R. Oct 1, 2015) *("a district court cannot vacate an arbitration award because it disagrees with the arbitrator's findings on the merits of the case, or because it believes that the arbitrator made a factual or legal error.").* Confirmation of an arbitration award is generally a "summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Florasynth, Inc. v. Pickholtz, 750 F2d 171, 176 (2nd Cir. 1984).*

9 USC §12 states, "Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." Respondents at no time motioned for the court or Judge Chang to vacate, modify or correct the award.

Appellant is entitled to a judgment confirming the arbitrator's full and final decision in the Arbitration; and as explained above is required under applicable Supreme Court and Congressional authority. The parties have completed arbitral process according to the terms and conditions of the

contract aforementioned herein and in the United States District Court for the Northern District of IL., case herein mentioned, and the Final Award should be confirmed by the court, in the interest of justice.

Under the Federal Arbitration Act, parties to a contract may agree that an arbitrator rather than a court will resolve disputes arising out of the contract. When a dispute arises, the parties sometimes may disagree not only about the merits of the dispute but also about the threshold arbitrability question—that is, whether their arbitration agreement applies to the particular dispute. Who decides that threshold arbitrability question? Under the Act and this Court's cases, the question of who decides arbitrability is itself a question of contract. The Act allows parties to agree by contract that an arbitrator, rather than a court, will resolve threshold arbitrability questions as well as underlying merits disputes. *Rent-A-Center, West, Inc. v. Jackson*, 561 U. S. 63, 68−70 (2010); *First Options of Chicago, Inc. v. Kaplan*, 514 U. S. 938, 943−944 (1995).

Justice Kavanaugh described the case in the opinion:

> *Even when a contract delegates the arbitrability question to an arbitrator, some federal courts nonetheless will short-circuit the process and decide the arbitrability question themselves if the argument that the arbitration agreement applies to the particular dispute is "wholly groundless." The question presented in this case is whether the "wholly groundless" exception is consistent with the Federal Arbitration Act. We conclude that it is not. The Act does not contain a "wholly groundless" exception, and we are not at liberty to rewrite the statute passed by Congress and signed by the President. When the parties' contract delegates the arbitrability question to an arbitrator, the courts must respect the parties' decision as embodied in the contract. We vacate the contrary judgment of the Court of Appeals.*

**The award is binding on all parties.**

Petitioner has filed an appeal, which the appeals court has asked Petitioner if she would like to stay the appeal as it appears Petitioner has been seeking a remedy outside of the appeal, Petitioner did put in a motion to reconsider which was denied by Judge Chang.

*"Here, no one can reasonably question that the notices that allegedly comprise the written agreement are frivolous."* Judge *Chang Case: 1:19-cv-05485 Document #: 31 Filed: 08/30/19.* The "Notices" Judge Chang speaks of are identical to the "Contract" aka agreement that was presented in case *No. 1:19-cv-05482,* before the United States District Court for the Northern District of IL. Judge Kocoras, in case No. *1:19-cv-05482*, confirmed that the "Contract" presented to his court qualified as a written

agreement by both parties to arbitrate. Judge Chang's ruling is a direct contradiction of this Court's ruling in case No.: 1:19-cv-05482.

Judge Chang instead decided to lean on his own understanding of what the laws meant to say and not what the laws ordered to be done. What is the point of laws if Judges are allowed to not follow the laws of which he/she has made an oath to uphold, and be allowed to make a ruling based on his/her personal feelings in a matter.

Petitioner should not have to continue with an appeal of which there is only the controversy presented by Judge Chang and not the parties involved as the matter has been resolved by arbitration.

The Petitioner stipulates to this court that this motion be construed not only contextually, as the Petitioner is not a learned fellow of law but is to be construed as a living body and not a graven image; and all considerations of this motion are tendered and presented to this court to be heard and shall reside in the original jurisdiction under the concurrent jurisdiction within the exclusive jurisdiction.

## CONCLUSION

Judge Chang, either does not understand his duty or is to nice to perform his duty and for those reasons I am requesting this court to please take on case No.: 1:19-cv-05485.

/s/ Ava Teverbaugh