UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AVA TEVERBAUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 19 C 5482 |
| | ) | |
| LIMA ONE CAPITAL, LLC, | ) | Judge Charles P. Kocoras |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff Ava Teverbaugh's ("Teverbaugh") motion to confirm arbitration award. For the following reasons, the Court denies the motion.

## STATEMENT

The following facts taken from the record are undisputed unless otherwise noted. Teverbaugh and Lima One Capital ("Lima One") entered into an agreement, the precise details of which are unclear. The agreement was purportedly finalized on December 17, 2018, when Teverbaugh sent in a conditional acceptance to Lima One. Among Teverbaugh's conditions of acceptance was an agreement to arbitrate.

On January 20, 2019, Teverbaugh filed a dispute resolution complaint against Lima One, and the matter was set for arbitration on April 26, 2019. Due to Lima One defaulting on the arbitration, the Arbitrator awarded Teverbaugh monetary damages in

the amount of $327,000.00. Teverbaugh now asks this Court to confirm the arbitration award and enter judgment in her favor.

Teverbaugh brought a similar claim in this Court before Judge Chang against Defendant First Guaranty Mortgage Corp. et al., No. 1:19-cv-5485. Though that action names a different mortgage company and pertains to a different property, Teverbaugh largely asserted the same claims against both Lima One and First Guaranty Mortgage Corp. ("First Guaranty"). A review of the documents pertaining to both cases reveals that the arbitration awards are largely the same, issued by the same arbitration company, for the same claims arising from significantly similar contracts involving almost identical conditional acceptance documents. The *First Guaranty* Court held,

> It is true that, under the Federal Arbitration Act, a party may seek confirmation of an arbitration award in federal court. 9 U.S.C. [§] 9. So subject matter jurisdiction is secure under the federal question statute. 28 U.S.C. [§] 1331. But the "agreement" referred to in Section 9 clearly requires a "written" agreement to arbitrate. 9 U.S.C. [§] 2 ("written provision"), 4 ("written agreement"). The exhibits attached to the brief in support of the motion, R. 4, on their face do not qualify as written agreements by any of the Respondents to arbitrate. Petitioner argued that silence equals acceptance, but that is simply wrong under the Federal Arbitration Act: there must be a written agreement to arbitrate. The motion is meritless and it is denied.

The only difference between this case and *First Guaranty* is that Teverbaugh provides an e-mail from Lima One dated January 17, 2019, in which Lima One purportedly agreed to arbitrate provided that Teverbaugh voluntarily dismisses an action she brought against them in this Court. But that e-mail is insufficient to establish an agreement to arbitrate.

2

To determine whether a valid agreement to arbitrate exists between two parties, a court must look to the state law that ordinarily governs the formation of contracts. *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 943 (1995). Under Illinois law, a contract must be sufficiently definite and certain so that the terms are either determined or may be implied. "When the material terms and conditions are not ascertainable, no enforceable contract is created.... The Court will not supply missing essential terms to an alleged contract." *Magid Manufacturing Co., Inc. v. U.S.D. Corporation*, 654 F.Supp. 325, 332 (N.D. Ill. 1987). Construing a similar provision of Indiana law, the Seventh Circuit found an arbitration agreement invalid where it did not provide details about the nature, forum, standards, and rules for the arbitration. *See Penn v. Ryan's Family Steak Houses, Inc.*, 269 F.3d 753 (7th Cir. 2001).

Teverbaugh's e-mail fails to establish an arbitration agreement for the same reasons. Nothing in Teverbaugh's e-mail Teverbaugh supplied provides any details about the nature of the arbitration forum or sets standards with which the arbitration procedure must comply. Nor does the e-mail show that the parties agreed to any rules that will govern the arbitration. Absent these terms, "[Lima One] could fulfill its promise by providing [Teverbaugh] with a coin toss." *Id*. at 759. The e-mail is therefore "hopelessly vague and uncertain as to the obligation [Lima One] has undertaken" and is insufficient to establish an arbitration agreement. *Id*.

## **CONCLUSION**

For the aforementioned reasons, Teverbaugh's motion is denied.

Dated:  10/23/2019                              _____

                                                                Charles P. Kocoras
                                                                United States District Judge

4